# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DAVID GARLAND ATWOOD II, | CASE NO. 17cv1320-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | **ORDER REQUIRING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING** |
| Defendants. | |

Plaintiff David Garland Atwood II filed this action to compel this District's U.S. Probation Office to allow him to come to San Diego for medical treatment. Atwood is on federal supervised release in the District of Mississippi. According to his petition, the probation office in Mississippi, as well as the U.S. Attorney's office have approved Atwood's request, but the U.S. Probation Office in San Diego refuses to accept him.

Atwood filed a motion to proceed *in forma pauperis*. The Court finds he lacks the funds to pay the required filing fee, and **GRANTS** the motion. Before ordering service of a complaint filed by a plaintiff proceeding *in forma pauperis*, the Court is required to screen the pleading *sua sponte*. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Atwood's petition does not give enough information, and in its present condition it would not survive the mandatory screening. Even though the local probation office won't

accept Atwood, it isn't clear why he can't travel to San Diego temporarily for treatment, with the approval of his local probation office.

Atwood is therefore **ORDERED** to file a supplemental memorandum, giving details about the expected schedule of his course of treatment, and explaining whether it is feasible for him to remain under the supervision of the probation department in Mississippi while undergoing surgery and treatment. For example, he should explain how long the surgery, treatment, and recovery time are expected to last; how soon he could travel back to Mississippi; and how long he would be required to stay in San Diego. If the treatment would occur over time, he should explain whether he could travel back and forth between Mississippi and San Diego between treatments. He should explain whether his local probation office is willing to allow him to come to San Diego temporarily, without transferring his supervised release to this District, while he undergoes surgery and treatment. He should also provide any other pertinent details explaining why there is no feasible alternative to the relief he seeks. Atwood should file the memorandum as soon as he can, but not later than **35 calendar days from the date this order is issued**. It should not be longer than seven pages, not counting any attached material.

Assuming Atwood's memorandum provides the necessary information, the Court will conduct the mandatory screening under § 1915(e)(2)(B).

**IT IS SO ORDERED**.

DATED: July 3, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge