# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARLAND ATWOOD II, | CASE NO. 17cv1320-LAB (WVG) |
| Plaintiff, | **ORDER SCREENING COMPLAINT; AND** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | **ORDER REQUIRING U.S. MARSHAL'S SERVICE TO SERVE DEFENDANTS** |
| Defendants. | |

Plaintiff David Garland Atwood II, proceeding *pro se* and *in forma pauperis*, filed a pleading ("Complaint") seeking to compel this District's U.S. Probation Office to accept supervision of him so that he can come to San Diego for medical treatment. The Court ordered Atwood to file supplemental briefing, which he has now done. The Court construes both the Complaint and the supplemental briefing together as giving his position.

The Court is required to screen the complaint of a plaintiff proceeding *in forma pauperis,* and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Because he is proceeding *pro se*, the Court construes Atwood's pleadings liberally. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

Atwood's says his local U.S. Attorney's office and probation office do not oppose his coming to San Diego, provided that the probation office here will accept supervision of him. His argument, essentially, is that this District's probation office is arbitrarily refusing to accept supervision, resulting in a denial of needed medical care. Because he is seeking to enjoin Defendants in this District, and not asking the Court to modify his terms of release, it appears this Court would have jurisdiction over any claim he might have.

The relief Atwood seeks is injunctive in nature; he is asking the Court to order the U.S. Probation Office in this District (or, potentially, one or more officers in the office) to supervise him. The Office therefore *may* be a proper Defendant. But because the United States itself is not a proper Defendant, claims against the United States are therefore **DISMISSED**.

Whether Atwood's claim has any merit depends primarily on two factors: whether his his substantive rights are being infringed, and whether the law provides some mechanism for enforcement of those rights. As a general matter, the government can limit Atwood's rights as part of his supervised release. "[P]robationers, like parolees and prisoners, properly are subject to limitations from which ordinary persons are free." *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir.1975) (en banc). That being said, the government cannot deny access to necessary medical care, even to prisoners, in a manner that serves no legitimate purpose. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The treatment Atwood seeks is at least arguably medically necessary to prevent him from losing the use of his legs.

It isn't completely clear which law might provide for the kind of relief Atwood is seeking. Other courts have construed 28 U.S.C. § 1361 as providing an avenue of relief, at least where there is a clear right to the relief, where the defendant clearly has a duty to act, and where no other adequate remedy is available. *See, e.g., Rizzo v. Terenzi*, 619 F. Supp. 1186, 1189 (E.D. N.Y. 1985). Assuming there is no other law under which Atwood might seek relief, the Complaint, construed liberally, could satisfy this standard.

Accordingly, the Court finds that the Complaint survives screening as to claims against this District's Probation Office. The Clerk is directed to generate a new electronic

summons. The Court **ORDERS** the U.S. Marshals Service to serve a copy of the Complaint (Docket no.1), Summons, Supplemental Briefing (Docket no. 10), and this Order on the U.S. Probation Office for the Southern District of California, as directed by Plaintiff on U.S. Marshal Form 285.[1] All costs of service shall be advanced by the United States. Atwood is responsible for properly completing the form, so it complies with Fed. R. Civ. P. 4(i)'s requirements for service on this Defendant.

**IT IS SO ORDERED**.

DATED: July 28, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The U.S. Marshals' service is not required to do any more than Fed. R. Civ. P. 4(i) requires. The service may, for example, send copies of these documents by registered or certified mail to certain officials as permitted under the rule, and need not deliver them personally.