# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARLAND ATWOOD II,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 17cv1320-LAB (WVG)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE REPLY UNDER SEAL; AND**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR EXPEDITED HEARING** |

　　　　Plaintiff David Garland Atwood, proceeding *pro se* and *in forma pauperis*, filed his petition in this case. Because it was so unclear that the Court could not perform the mandatory screening, the Court ordered him to file supplemental briefing clarifying it. (Docket no. 5.) He filed the required briefing (Docket no. 10) and the Court then screened it and ordered the U.S. Marshals service to serve it.

　　　　Atwood then submitted a duplicate of his reply, which the Court rejected for filing. (Docket no. 13.) Then he submitted a substantially identical document, accompanied by a letter asking that it be filed under seal. The Court construed his letter as a motion for leave to file the rest of document under seal, and accepted only the motion for filing. That motion has now been filed as Docket no. 14.

　　　　Documents filed in federal courts are presumed to be public, and are not routinely sealed. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The document Atwood wants to file under seal is a supplement to a dispositive pleading. While some other documents can be sealed for lesser reasons, dispositive pleadings and documents attached to them are only sealed if the party offering them establishes "compelling reasons" that outweigh the public's interest in disclosure. *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Foltz v. State Farm Mutual Aut. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the Court to seal its records. *Foltz*, 331 F.3d at 1136.

Atwood asks that the document be sealed because it "contains multiple references to [his] medical conditions and contains information protected under the [HIPAA] laws." (Docket no. 14.) This does not meet the "compelling reasons" standard.

First, Atwood already filed a substantially identical document in the docket, and it has been in the public eye for nearly a month. Sealing it now would likely be futile.

Second, HIPAA's privacy provisions have no application here. They govern the privacy of "protected health information" ("PHI") when handled by certain covered entities such as health care providers, insurance companies, and others who engage in electronic health care transactions. It does not require courts to keep medical information confidential. And, more importantly, HIPAA does not prevent patients from disclosing their own medical information. In other words, HIPAA did not prevent Atwood from filing the document outlining his health conditions, and it does not require the Court to seal that document.

The information Atwood wishes to keep secret goes to the heart of his claims. He is asking the Court to order the local federal probation office to accept his transfer so that he can obtain medical care here that he cannot obtain in his home state. Without knowing what those conditions are, the public would be prevented from understanding the judicial process and keeping a "watchful eye" on the Court's work. *See Kamakana*, 447 F.3d at 1178–79 (outlining reasons for the public's right to access dispositive pleadings). In this particular case, the public has an interest in knowing whether the Court's decision is based on minor

or serious medical needs, and what other facts justify either accommodating or denying Atwood's request.

Because there are no good reasons, much less compelling reasons, to justify sealing the document, Atwood's motion is **DENIED**.

Atwood has also filed a motion for an expedited hearing on his petition. (Docket no. 4.) But Defendant U.S. Probation Office has not filed an answer, and Atwood has not shown that preliminary injunctive relief is appropriate before it does. His motion to expedite is **DENIED WITHOUT PREJUDICE**. He may, however, file a motion for preliminary injunction. Or if Defendant fails to answer when required to do so, he can request entry of default and then seek a default judgment against it.

**IT IS SO ORDERED**.

DATED: August 18, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge