# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARLAND ATWOOD II, | CASE NO. 17cv1320-LAB (WVG) |
| Plaintiff, vs. | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY INJUNCTION** |
| UNITED STATES PROBATION OFFICE, SAN DIEGO, | |
| Defendants. | |

Plaintiff David Atwood, proceeding *pro se* and *in forma pauperis*, filed a petition asking this Court to order the local federal probation office to accept supervision of him so that he can seek medical care in this District.

After conducting the screening required by 28 U.S.C. § 1915(e)(2)(B), the Court noted that, if the complaint is construed liberally, it could state a claim. (*See* Docket no. 11.) But the United States was dismissed as a Defendant, leaving only the U.S. Probation Office in San Diego as the sole Defendant. The Court then ordered the U.S. Marshals Service to serve the Defendant as directed by Atwood on U.S. Marshal Form 285. (*Id*. at 3:1–4.) The Court's order cautioned Atwood that he was responsible for properly completing the form so that it would comply with Fed. R. Civ. P. 4(i)'s requirements. (*Id*. at 3:4–6.)

Proofs of service were filed, showing that the U.S. Probation office and Officer Paula Burke were served (Docket nos. 17 and 18), and that Assistant U.S. Attorney Paula Dixon

was also served. (Docket no. 19.) No proof of service on this District's U.S. Attorney,[1] or on the U.S. Attorney General[2] has been filed, as required by Fed. R. Civ. P. 4(i), and Defendant has not appeared or waived service.

Atwood has now filed a motion for a preliminary injunction, asking the Court to order the local probation office to accept supervision of him — in essence, giving him the all the relief he is asking for.

The Ninth Circuit has explained the standard for issuance of a preliminary injunction.

> A party seeking a preliminary injunction must meet one of two variants of the same standard. Under the original *Winter* standard, a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Under the "sliding scale" variant of the *Winter* standard, "if a plaintiff can only show that there are 'serious questions going to the merits' — a lesser showing than likelihood of success on the merits — then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

*All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Atwood has not mentioned or addressed either standard in his motion.

Atwood has not yet properly served the Defendant, and has not shown why it would be appropriate to grant relief without giving the Defendant a chance to oppose his request. *See* Fed. R. Civ. P. 65(a) and (b)(1). He has also not shown why either of the two standards for issuance of a preliminary injunction is satisfied. For these reasons, his motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: September 11, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Currently, this is Acting U.S. Attorney Alana Robinson.

[2] This is U.S. Attorney General Jeff Sessions.