# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARLAND ATWOOD II, | CASE NO. 17cv1320-LAB (WVG) |
| Petitioner, | **ORDER GRANTING MOTION TO SUPPLEMENT MOTION TO DISMISS; AND** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | **ORDER OF DISMISSAL** |
| Respondents. | |

The United States moved to dismiss Petitioner David Atwood's petition for writ of mandamus. When Atwood failed to oppose the motion, the Court ordered him to show cause why the motion should not be granted. (*See* Docket no. 24.) He was required to file an opposition by December 15. The Court's order warned him that if he did not do so, his non-opposition would be deemed consent to the motion's being granted, as provided by applicable local rules. Since then, he has filed nothing.

The United States recently filed an *ex parte* application (Docket no. 25) to supplement its earlier motion to dismiss. That application is **GRANTED**. In its supplemental filing, the government informed the Court that Atwood's supervised release was revoked and he was remanded into custody for a period of 72 months. The Court has reviewed the docket in the related criminal case, *United States v. Atwood*, 15cr45-HTW-FKB (S.D. Miss.) and takes notice of the records in that case as provided by Fed. R. Evid. 201. *See United States v.*

*Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (court may take judicial notice of court records in another case).

The records confirm the government's representations. On January 5 of this year, Judge Henry Wingate issued his judgment of revocation. (Docket no. 308.) Atwood has filed a notice of appeal of that court's decision. The government suggests that this renders Atwood's claim moot, although it might also be said that Atwood's claim has become unripe for adjudication. Either way, the Court lacks jurisdiction to adjudicate it. *See North Carolina v. Rice,* 404 U.S. 244, 245–46 (1971) (holding that federal courts lack jurisdiction to decide moot questions); *Austin v. City & Cty of Honolulu*, 840 F.3d 678, 682 (9th Cir. 1988) ("Unless a claim is ripe, we do not have jurisdiction to hear it."). Atwood either prevails on appeal or serves his 72-month sentence, the Court could not grant him any relief even if he could show he were eligible for it.

The petition is **DISMISSED** without prejudice but without leave to amend, both for lack of jurisdiction, and also because Atwood by his non-opposition has consented to its dismissal. All other pending requests are **DENIED AS MOOT** and all pending dates are **VACATED**.

**IT IS SO ORDERED**.

DATED: January 10, 2018

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge